# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Indriany S.M.C.,                                              Civ. No. 26-539 (JWB/JFD)

               Petitioner,

v.                                                                      **ORDER**
                                                              **ON MOTION FOR**
David Easterwood, *et al.*,                         **ADDITIONAL RELIEF**

               Respondents.

Petitioner Indriany S.M.C. filed a motion to strike an Order of Release on Recognizance that Respondents issued to her on January 29, 2026, when she was released pursuant to the habeas relief granted in this matter. (Doc. No. 12.) Respondents were ordered to show cause for why the conditions should not be stricken as noncompliant with this Court's release order. (Doc. No. 14.)

Respondents filed a status report indicating that the Order of Release on Recognizance has been rescinded, and that further sanctions are not warranted because they are no longer out of compliance with the release order. (Doc. No. 15.) Because there are no longer conditions to strike, Petitioner's motion is moot. And because Respondents' noncompliance has been cured, sanctions will not be imposed.

However, this case joins the collection of matters where release conditions have been imposed by Respondents despite a court order prohibiting them, which then generates additional proceedings to strike the conditions. *See, e.g.*, *Felix J.C.A. v. Bondi*, Civ. No. 26-328 (JWB/DLM); *Maria U.C.G. v. Bondi*, Civ. No. 26-439 (JWB/LIB).

It should have been clear to Respondents from the release order that Petitioner was to be released *without* conditions, whether newly imposed or re-imposed through a new instrument. (*See* Doc. No. 8 at 8.) Respondents released Petitioner but nonetheless issued her the exact kind of instrument that the release order prohibited. This raises a troubling concern that Respondents are receiving this Court's release orders but are not understanding or—even worse—not reading them.

Moving forward, Respondents' counsel are expected to ensure that this Court's release orders are fully read, understood, and followed by those responsible for executing release. And for matters where release conditions are prohibited, Respondents' counsel will be ordered to confirm and certify that no conditions have been imposed at release.

Respondents' counsel must share a copy of this Order within the United States Attorney's Office for the District of Minnesota, including with the United States Attorney for the District, Daniel C. Rosen. If show cause orders continue to be prompted based on Respondents imposing release conditions against the terms of this Court's release orders, the United States Attorney and a representative from Respondents' operational leadership may be required to appear to show cause why they should not be held in contempt for failure to comply with court orders.

Date: February 26, 2026                     *s/ Jerry W. Blackwell*
                                            JERRY W. BLACKWELL
                                            United States District Judge